OPINION OF THE COURT
Howard Miller, J.
The within proceeding was brought by the Commissioner of Social Services of Rockland County on behalf of Claudia Ryder, age 12 years. She is a retarded child with severe hyperactivity and who has been placed into foster care. The commissioner is claiming contribution against the parents for the cost and maintenance of their child in foster care. Claudia came under the jurisdiction of the Commissioner of Social Services on November 18, 1978 as the result of a voluntary surrender by the parents. She was placed into foster care at St. Agatha’s Wesley Chapel Group Home on December 10, *370 1978 where she resides to the present day. Claudia goes home almost every weekend.
The child has been determined by the local school district committee on the handicapped to be a handicapped child and is receiving an appropriate education at the Board of Cooperative Education (BOCES), as well as maintenance as approved by that committee. The education program provided by BOCES, includes among other training, the teaching of the basic needs of the child, as feeding, eating meals, dressing and personal hygiene.
The requirement of a free education is axiomatic (Education Law, § 3202, subd 1). The committee on the handicapped of the local school district in which the child resides has recommended that the child be educated as a handicapped child (Education Law, § 4402, subd 1, par b, cl [3], subcl [b]) and these recommendations have been implemented by the school district. The child has been assigned to BOCES for the special education according to her needs. The child is in residential placement at St. Agatha Wesley Chapel Group Home. This is the same group home in which the child was placed by the Department of Social Services under the voluntary surrender making for continuity of residence.
Under sections 101 and 104 of the Social Services Law (see, also, Family Ct Act, §§ 413, 414, 422), the parent could be required to contribute to the expenses of a child in foster care. The rule is otherwise where the residential placement is made under the Education Law for a handicapped child (Education Law, § 4405). The charge in this instance would be upon the governmental agencies and not upon the parent.
The court accordingly finds that the educational needs of this handicapped child are being provided by the school district under the Education Law and that the application of the commissioner for contribution from the parents is dismissed as a matter of law.